UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA                                                                      PLAINTIFF

vs.                                                             CRIMINAL ACTION NO.: 5:19-CR-00028-TBR

KEITH A. KUZYK, et al.                                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Keith Kuzyk's ("Kuzyk") Motion to Prohibit Bad Acts Evidence. [DN 36.] The government has responded. [DN 42.] As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Kuzyk's Motion to Prohibit Bad Acts Evidence [DN 36] is **GRANTED IN PART AND DENIED IN PART**.

**I.   Background**

Kuzyk was indicted on one count of carjacking, one count of discharging a firearm during the carjacking, and two counts of felon in possession of a firearm. [DN 1.] These charges stem from an alleged carjacking that took place at Walmart ("Walmart carjacking") on February 18, 2019. Kuzyk and his co-defendant are alleged to have approached a Chevy Tahoe in the Walmart parking lot. Kuzyk was allegedly armed with a .380 pistol and his co-defendant with a Spike Tactical ST-15 rifle. Kuzyk allegedly fired the pistol into the air. The co-defendant allegedly drove away inside the stolen Tahoe and Kuzyk drove off in the black Dodge Ram they arrived in. The government also seeks to introduce evidence of alleged acts that occurred both before and after the Walmart carjacking. Kuzyk has been charged in state court for the acts allegedly occurring before and after the Walmart carjacking.

Prior to the Walmart carjacking a soldier stationed at Ft. Campbell reported a motorcycle, pistol, and long gun were stolen from his storage unit. The long gun was a Spike's Tactical, Model ST15 Crusader with the Serial Number DV000555—the same as the rifle that was allegedly possessed by Kuzyk. On February 16, 2019, P.D. reported his 2016 black Dodge Ram was stolen. The government asserts this stolen vehicle is the same Dodge Ram that Kuzyk allegedly drove away from the Walmart carjacking in. The government also asserts a pull behind camper was stolen and dropped in a parking lot just prior to the Walmart carjacking. The government argues that a motivating factor in stealing the Tahoe was to obtain a vehicle to pull this camper.

After the Walmart carjacking, the government seeks to introduce evidence that Kuzyk allegedly fired shots at Officer Davidson with the Spike's Tactical gun while fleeing in the Dodge Ram. Later, that same day, Kuzyk allegedly stole a silver Ford Explorer from a Waffle House employee. The vehicle was reported stolen and law enforcement was led on a high-speed chase. The vehicle was crashed and Kuzyk was arrested.

## II. Discussion

"[I]ntrinsic evidence not subject to Rule 404(b) "[t]ypically ... is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *United States v. Gonzalez*, 501 F.3d 630, 639 (6th Cir. 2007) (quoting *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). "Intrinsic acts…are those that are part of a single criminal episode. Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity." *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995) (internal quotations omitted).

Fed. R. Evid. 404(b)(1) states:

> **Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Fed. R. Evid. 404(b)(2) in relevant part states:

> **Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

When determining whether evidence is admissible under Rule 404, the Court must consider: (1) "whether there is sufficient evidence that the other act in question actually occurred"; (2) "whether the evidence of the other act is probative of a material issue other than character"; and (3) " whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *United States v. Jenkins,* 345 F.3d 928, 937 (6th Cir. 2003).

### A. Burglary of Storage Unit

Between February 10 and February 15, 2019, a storage unit was burglarized. A motorcycle, pistol and long gun were stolen. The stolen long gun is the same gun Kuzyk is alleged to have possessed after the Walmart carjacking. The government first argues this evidence is admissible because it is inextricably intertwined with the crimes Kuzyk is charged with. However, the Court disagrees.

The fact that the gun was stolen is not inextricably intertwined with the crimes Kuzyk is charged with in this Court. The burglary of a storage unit several days in advance of the charged carjacking is not probative of the charged offense and does not complete the story of the charged offense. It is not relevant to the charges Kuzyk faces in this Court. Fed. R. Evidence 401 states:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Evidence that the gun was stolen does not make it more or less probable that Kuzyk committed the Walmart carjacking, discharged a handgun, or possessed either weapon.

The government's argument that this evidence proves motive, preparation, and identity also is not persuasive. As previously stated, this evidence is not probative of a material issue. Furthermore, if this evidence had probative value, it is substantially outweighed by its potential prejudicial effect. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (citation and quotation marks omitted)). "Such improper grounds include 'generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the latter bad act now charged....'" *United States v. Bell*, 516 F.3d 432, 445 (6th Cir. 2008) (quoting *Old Chief v. United States*, 519 U.S. 172, 180–81 (1997)).  This evidence greatly increases the likelihood that the jury will find Kuzyk guilty on an improper basis. Therefore, this evidence must be excluded.

**B. Theft of Dodge Ram**

On February 16, 2019, P.D. reported his vehicle, a 2016 black Dodge Ram, stolen. P.D. alleges his truck was stolen by Kuzyk. This is the same Dodge Ram that was alleged to have been used during the Walmart carjacking. Again, this Court finds that this evidence is not relevant to the charges Kuzyk faces in this Court. It does not make any fact of consequence more or less probable. This evidence also is not inextricably intertwined with the charged offenses. The theft of this truck does not play an integral role in the events that occurred during the Walmart carjacking. As such, this evidence is inadmissible.

**C. Theft of the Camper**

The government next seeks to introduce evidence of a pull behind camper that was stolen not long before the Walmart carjacking. In addition to reasoning the Court has already stated, the government has produced very little proof of Kuzyk's involvement in the theft of this camper. In its brief, the government states, "[t]he United States believes that the proof will show that Kuzyk and Johnson were present". [DN 42 at 4.] This statement is not enough to show the government has sufficient evidence that Kuzyk committed this bad act. This evidence must also be excluded.

### D. Shooting of Officer Davidson

After the alleged Walmart carjacking, Officer Davidson attempted to stop the Dodge Ram but the vehicle did not stop. The driver of the Ram led Davidson on a chase and allegedly fired multiple shots at Davidson with a long gun. Davidson was struck in the arm and neck. A witness statement indicates it was Kuzyk who was driving the Ram and who fired the shots. The Ram was later abandoned and shell casings matching the Spike's Tactical, Model ST15 Crusader, bearing Serial Number DV000555 that Kuzyk is charged with possessing were found.

Evidence that Kuzyk fired a long gun at Davidson is certainly relevant to his charge of being a felon in possession of a firearm. However, the Court does not find this evidence relevant to the carjacking charge or the charge of discharging a firearm during a crime of violence. Therefore, evidence that Kuzyk allegedly fired shots at Davidson with the long gun shall be limited to the portion of the trial regarding Count Five against Kuzyk.

The Court has been informed during the telephonic further proceeding on August 3, 2020, that Autumn Neblett will testify at trial. If she has personal knowledge, on the charge of Kuzyk possessing the firearm, she may testify to that personal knowledge.

### E. Theft of the Ford Explorer

5

At approximately 7:00 a.m. on February 18, 2019, Kuzyk allegedly stole a silver Ford Explorer from Waffle House. Officers were again allegedly led on a chase. The Ford Explorer crashed and Kuzyk was arrested.

Again, this evidence is not inextricable intertwined with the charges Kuzyk faces in this Court. Kuzyk allegedly stole this vehicle several hours after the Walmart carjacking. Kuzyk stealing and driving a vehicle different than the one he allegedly carjacked is immaterial to the charges he faces in this Court. Evidence of a later stolen vehicle does not make any of the charged offenses more or less probable. Therefore, this evidence is inadmissible.

### III.     Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Kuzyk's Motion to Prohibit Bad Acts Evidence [DN 36] is **GRANTED IN PART AND DENIED IN PART**.

1.) Evidence of the burglary of the storage unit is inadmissible.

2.) Evidence of the theft of the Dodge Ram is inadmissible.

3.) Evidence of the theft of the pull behind camper is inadmissible.

4.) Evidence of the shooting of Officer Davidson is admissible during the trial on Count Five.

5.) Evidence of the theft of the Ford Explorer is inadmissible.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

August 6, 2020

cc: counsel